UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 24-131 (JRT/LIB) |
| Plaintiff, | ) | |
| v. | ) | **ORDER OF DETENTION** |
| Warren Holt, Jr., | ) | |
| Defendant. | ) | |

This matter came before the Court on May 24, 2024, for an initial appearance, at which time the United States moved for an Order of Detention. Defendant Warren Holt, Jr. was present and represented by Melvin Welch, Esq. The United States was represented by Assistant United States Attorney Kristian Weir.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Defendant is charged by Indictment with carjacking in violation of 18 U.S.C. §2119.

This case carries a rebuttable presumption of detention pursuant to 18.U.S.C. §3142(e). Defendant waived his right to a hearing on the Government's motion for detention pending trial and did not contest detention at the initial appearance. Defendant reserved the right to raise the issue of detention should his circumstances materially change.

Accordingly, the Defendant has not rebutted the presumption of detention. The Court concludes, therefore, that upon a review of the record in combination with the presumption of detention, at this time the Government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the future appearance of the Defendant. Accordingly, the Court will grant the Government's motion for detention.

Under 18 U.S.C. § 3142(g), pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. Based upon the information in the pretrial services report and the Defendant's waiver of a detention hearing, the Court finds that detention is justified in order to ensure the future appearance of the Defendant.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention of the Defendant is granted;

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: September 11, 2025　　　　　　　　s/Leo I. Brisbois
Nunc pro tunc May 24, 2024　　　　　　　Hon. Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE