UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-131 (JRT/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

WARREN HOLT JR.,

Defendant.

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

In June 2021, Defendant Warren Holt brutally attacked a 78-year-old victim. This was not a quarrel with a personal friend or acquaintance, it was not a longstanding feud that escalated to violence—by all accounts, Mr. Holt didn't know the victim. This assault occurred during a carjacking. The victim found Mr. Holt crawling around underneath his truck and told Mr. Holt the truck wasn't for sale; Mr. Holt briefly left before he returned, violently attacked the victim, stole the victim's truck, and fled the scene. He left the victim unconscious, bleeding profusely with a collapsed lung and lacerated tonsils.

Mr. Holt pled guilty to one count of carjacking. Given the violence and callousness of the offense and the severity of the harm inflicted upon the victim, the government respectfully recommends a sentence of not less than 110 months in prison.

## THE OFFENSE CONDUCT

On June 16, 2021, Mr. Holt approached the victim's vehicle, a Ford F-150 XLT, which was parked outside the victim's home. The victim approached Mr. Holt, who was on his knees, looking under the vehicle, and asked Mr. Holt what he was doing. Mr. Holt told the victim he was "looking for a truck." The victim told Mr. Holt that the Ford F-150 was not for sale, and Mr. Holt left.

But then Mr. Holt returned. Mr. Holt brutally attacked the victim in the victim's garage. Mr. Holt struck the victim in the head with a can of varnish. Mr. Holt strangled the victim. Mr. Holt crushed the victim's throat in the bend of his arm. During the assault, the victim lost consciousness. But Mr. Holt didn't stop. Mr. Holt dragged the victim into the workshop area in the rear of the garage, grabbed an awl—a common woodworking tool similar to an ice pick—and stabbed the victim multiple times.

Mr. Holt then stole the victim's truck and fled the scene. Officers apprehended Mr. Holt a short while later. Mr. Holt was stopped in Carlton County, Minnesota—he was the sole occupant of the truck, and he had a fresh cut on his right wrist and blood on his shoes.

The victim was found covered in blood and varnish. He was rushed to the emergency room for medical treatment. The victim suffered a lacerated tonsil, lacerations to the upper plate palate, facial bruising, lacerations on his face and forehead, a concussion, a fractured rib, seven puncture wounds to his

upper left breast, and a collapsed lung. He was admitted to the intensive care unit and subsequently contracted pneumonia, which was caused by blood flooding into the victim's lungs. According to the victim's treating physicians, the puncture wounds to the victim's upper chest likely caused his lung to collapse, resulting in a significant amount of swelling and bleeding that ran into his lungs, causing pneumonia. The physicians told law enforcement that the victim's injuries were life threatening.

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id*. at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id*. at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

## A. Sentencing Guidelines Range

Mr. Holt entered a guilty plea on November 7, 2025, and, aside from one enhancement related to the harm to the victim, the parties reached agreement on the applicable sentencing guidelines provisions. Accordingly, the parties agree that under U.S.S.G. § 2B3.1(a), the base offense level is 20. The parties further agree that the offense level is increased by four because Mr. Holt used a dangerous weapon when committing the offense and by two because the offense involved carjacking. The government agrees to recommend a three-level reduction for acceptance of responsibility.

In the plea agreement, the parties agreed that the offense level should be increased due to the degree of bodily injury the victim suffered; the question for the Court is by how much. The U.S. Probation Office recommends a six-level enhancement under U.S.S.G. § 2B3.1(b)(3)(C) because the victim sustained permanent or life-threatening bodily injury. Mr. Holt objects, arguing that the harm to the victim should instead be characterized as a "serious bodily injury," which would result in just a two-level increase. That's incorrect. As Probation noted, following the assault, the victim was transferred to the intensive care unit, and the treating physician described the victim's injuries as life threatening. When Mr. Holt repeatedly stabbed the victim in the chest with an ice pick, he caused severe wounds to the victim's chest, including a collapsed lung. Blood from those wounds ran into the

victim's lungs, causing pneumonia. Because the treating physicians described the injuries as "life threatening," the Court should find that the injury "involv[ed] a substantial risk of death." U.S.S.G. § 2B3.1(b)(3)(C).

With an adjusted offense level 29 and a criminal history category of II, Mr. Holt has an advisory guidelines range of 97 to 121 months' imprisonment.

**B. Section 3553(a) Sentencing Factors**

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**1. Nature and Circumstances of the Offense**

The nature and circumstances of the offense weigh in favor of a significant custodial sentence. Mr. Holt committed a heinous act: he viciously and violently assaulted a 78-year-old man, whom he left for dead, unconscious and alone in his garage, bleeding out with a collapsed lung. But for intensive medical intervention and treatment, the victim likely would have died.

Further, this was not a heat-of-passion assault or attack prompted by any provocation. Mr. Holt wanted the victim's truck. The victim told him the truck wasn't for sale. So, Mr. Holt attacked him. This was a callous act of

violence committed as part of a carjacking. Given the motive behind, and circumstances surrounding, the offense and the life-threatening injuries inflicted, a lengthy term of imprisonment is warranted.

**2. History and Characteristics of the Defendant**

Mr. Holt's history presents both mitigating and aggravating circumstances. The PSR details Mr. Holt's mental health issues and history of childhood trauma. Such circumstances are indisputably mitigating. That said, Mr. Holt is 33 years old and has a troubling criminal history that includes multiple convictions for domestic violence offenses. He was convicted in August 2017 with domestic assault—he attacked his longtime girlfriend and mother of his children; he sat on her chest, put his hands around her throat, and prevented her from breathing. In April 2019, he was convicted of violating a domestic abuse no contact order—despite a court order barring Mr. Holt from any contact with the victim of the assault underlying his 2017 conviction, Mr. Holt again assaulted his girlfriend; he pushed her down and stomped on her chest. Further, Mr. Holt has pending charges for domestic assault and criminal sexual conduct for allegedly assaulting the same victim in February 2022. According to the criminal complaint, Mr. Holt grabbed the victim by the neck and started choking her, threatened her by saying, "You're gonna die tonight," and then demanded she perform oral sex, telling her, "If you don't suck my *ick, you're going to die."

Mr. Holt is a disturbed individual with serious mental health issues caused by a history of childhood trauma. But such trauma does not justify or otherwise excuse his persistent violent behavior. Put simply, Mr. Holt's record establishes that he is a danger. Although his prior convictions to date have exclusively involved his domestic partner, the instant offense demonstrates that the danger he poses to others is by no means limited to those in his immediate social or familial circle. Here, Mr. Holt didn't know the victim; he simply wanted the victim's truck. And when the victim didn't give it to him, Mr. Holt brutally attacked the victim and left the victim for dead.

Taken together, the defendant's history and characteristics support a within-guidelines sentence.

**3. Deterrence, Respect for the Law, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Given the nature of Mr. Holt's offense and Mr. Holt's troubling criminal history, the interests of specific deterrence, the need to protect the public, and just punishment militate in favor of a lengthy term of imprisonment.

4. **The Need to Avoid Unwarranted Disparities Among Similarly Situated Defendants**

Judicial sentencing information analyzed by the U.S Probation Office reveals that between 2020 and 2024, there were 17 defendants whose primary guideline was U.S.S.G. § 2B3.1 with an adjusted offense level of 29, and a criminal history category of II (*n.b.* this figure excludes defendants who received a sentencing departure for substantial assistance under U.S.S.G. § 5K1.1). For those defendants, the average length of imprisonment imposed was 118 months and the median length of imprisonment was 100 months.

The government's recommended sentence of not less than 110 months' imprisonment falls squarely between the average and median lengths of imprisonment for similarly situated defendants. Such a sentence would not result in any unwarranted disparities.

## CONCLUSION

The nature and circumstances of the offense as well as Mr. Holt's history of criminal violence support a lengthy custodial sentence. The government respectfully recommends that the Court sentence Mr. Holt to a term of imprisonment of not less than 110 months in prison.

Dated: September 21, 2026

Respectfully Submitted,

DANIEL N. ROSEN
Acting United States Attorney

*s/ Garrett S. Fields*
GARRETT S. FIELDS
Assistant U.S. Attorney